SONIA R. MARTIN (SBN 191148)
sonia.martin@dentons.com
SAMUEL D. JUBELIRER (SBN 287649)
samuel.jubelirer@dentons.com
DENTONS US LLP
1999 Harrison Street
Suite 1300
Oakland, CA 94612-4709
Telephone:   415 882 5000
Facsimile:   415 882 0300

MARK L. HANOVER (*pro hac vice* forthcoming)
mark.hanover@dentons.com
DENTONS US LLP
233 S. Wacker Drive
Suite 5900
Chicago, IL 60606-6361
Telephone:   312 876 8000
Facsimile:   312 876 7934

Attorneys for Defendant
INFINITY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN CARR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INFINITY INSURANCE COMPANY, an Indiana insurance company,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant Infinity Insurance Company ("Infinity") hereby removes to this Court the state court action described herein on the grounds set forth below.

**I.   Background**

1. On December 13, 2021, plaintiff Kevin Carr ("Plaintiff") commenced this putative class action asserting a cause of action for breach of contract, arising from Infinity's alleged failure to pay certain registration fees when settling first-party total loss claims under its automobile insurance policies with California insureds. Complaint ("Compl."), ¶¶ 12-29.

2. Plaintiff alleges his vehicle was insured by an Infinity policy and was damaged in an accident on or about November 12, 2018, and that Infinity determined his vehicle to be a total loss. Compl., ¶¶ 30-33. Plaintiff further alleges that Infinity improperly failed to include certain registration fees when determining the "actual cash value" payment owed him under his Infinity policy and thereby breached the policy. *Id.* at ¶¶ 35-37. On the basis of those allegations, the Complaint asserts a cause of action for breach of contract.

3. The Complaint names a single defendant, Infinity Insurance Company, an Indiana corporation with its principal place of business in Birmingham, Alabama.

4. Plaintiff filed this putative class action on behalf of "[a]ll individuals insured under a California policy issued by Infinity Insurance Company for private-passenger auto physical damage coverage with comprehensive or collision coverage, who made a first-party claim, whose claim was determined to be, and adjusted as, a total loss under comprehensive or collision coverage, and where the total loss payment did not include registration fees imposed by the State of

California ("ACV registration fees") within four years prior to the date on which this lawsuit was filed through the date of any certification order." Compl., ¶ 40.

**II. Infinity Has Satisfied the Procedural Requirements for Removal.**

5. This action was commenced in the Superior Court of the State of California for the County of Los Angeles, entitled *Kevin Carr, individually and on behalf of all others similarly situated v. Infinity Insurance Company, an Indiana insurance company*, Case No. 21STCV45239.

6. Pursuant to 28 U.S.C. § 1446(a), Infinity has attached all pleadings filed and served upon them in the state court proceedings as Exhibit A. A true and correct copy of this Notice of Removal will be served upon all parties and filed with the clerk of the Los Angeles Superior Court in accordance with 28 U.S.C. § 1446(d).

7. Infinity was served with the summons and complaint in this lawsuit on December 16, 2021. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.

**III. This Court Has Subject Matter Jurisdiction Over This Action Under CAFA.**

8. The state court action is removable to this Court, and this Court has jurisdiction over this action, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), as well as 28 U.S.C. § 1441(a) and 28 U.S.C. § 1453, because, as discussed below, this is a putative class action involving more than 100 putative class members, the aggregate amount in controversy, excluding interest and costs, exceeds $5,000,000, and there is minimal diversity.

9. CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. Toward that end, CAFA expands federal jurisdiction over class actions, and expressly provides that class actions filed in state court are removable to federal court where (a) the putative class contains at least 100 class members; (b) any member of the putative

class is a citizen of a State different from that of any defendant; and (c) the aggregate amount in controversy for the putative class exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d); *accord*, *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

10. This suit satisfies all the requirements under CAFA for federal jurisdiction. Based upon the allegations in the Complaint: (1) the putative class exceeds 100; (2) some of the members of the proposed class have a different citizenship from some defendants; (3) the amount in controversy exceeds $5,000,000; and (4) the exceptions to CAFA jurisdiction do not apply here. 28 U.S.C. § 1332(d); *Preston v. Tenet Healthsystems Mem. Med. Ctr., Inc.*, 485 F.3d 793, 803-04 (5th Cir. 2007) (Preston I) (reversing district court's order remanding the case, finding that plaintiffs failed to show an exception to CAFA applied and, therefore, the federal court had jurisdiction over the dispute pursuant to CAFA).

**A.   The Putative Class Exceeds 100 Members.**

11. CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is met here because the Complaint alleges that the putative class "consists of thousands of individuals[.]" Compl., ¶¶ 11, 42.

**B.   Minimal Diversity Exists.**

12. The second CAFA requirement is minimal diversity—at least one putative class member and at least one defendant must be citizens of different states. 28 U.S.C. § 1332(d)(2).

13. Here, the putative class contains at least one putative class member who is a citizen of the State of California, namely, Kevin Carr. Compl, ¶ 6. Defendant Infinity is incorporated under the laws of Indiana, and plaintiff alleges that Infinity's principal place of business is in Indianapolis, Indiana (Compl., ¶ 8) making it a citizen of Indiana for diversity purposes.[1] 28 U.S.C. § 1332(c)(1).

---

[1] Infinity's principal place of business is actually located in Birmingham, Alabama.

1  Thus, there is plainly minimal diversity.

### C. The CAFA Amount in Controversy Requirement Is Satisfied.

14. CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). When the Complaint, as here, fails to specify the monetary amount of relief sought, the standard for proving the amount in controversy is a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006).[2]

15. As is relevant here, Plaintiff seeks to recover compensatory damages, "all other damages according to proof," and attorneys' fees. Compl., pp. 10-11, Prayer for Relief. The Ninth Circuit has made clear that attorney's fees must be considered in determining the amount in controversy. *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

16. Based upon Plaintiff's allegations and theories (which Infinity

---

*See* Compl. Ex. A (cover page of Plaintiff's insurance policy noting Infinity's address as "2201 4th Avenue North, Birmingham, AL 35203"). For purposes of diversity, this is immaterial because (1) Plaintiff alleges minimal diversity, and (2) neither Indianapolis or Birmingham are in California.

[2] Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 40. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. No. 109-14, at 42 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CALIFORNIA 94612-4709
415 882 5000

disputes, but which control for removal purposes), the aggregate amount in controversy for Plaintiff's proposed classes of California policyholders plainly exceeds $5,000,000.

17. Although the jurisdictional amount cannot be based on speculation or conjecture, the "removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *2 (E.D. Cal. July 14, 2010) (citation omitted). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. . . . The amount in controversy is not proof of the amount the plaintiff will recover." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citations omitted); *Lizza v. Deutsche Bank Nat. Trust Co.*, 2013 WL 5376036, at *3 (D. Haw. Sept. 24, 2013) ("Jurisdiction cannot be based on a defendant's speculation and conjecture, but a defendant is also not obligated to research and prove an exact amount of damages.")

18. The amount in controversy here is significant. Infinity estimates that it has paid more than 35,500 first party total loss claims to California policyholders with comprehensive or collision coverage during the putative class period since 2017. The Complaint claims that Infinity fails to pay required fees when settling the total loss claims at issue "including, but not limited to, a title transfer fee of $15.00, a registration fee of $60.00, county fees of up to $19.00, a California Highway Patrol ("CHP") fee of $26.00, a Transportation Improvement Fee ("TIF") of $25.00-$175.00, and a Vehicle License Fee ("VLF") of 0.65% of the adjusted vehicle value," referring to them as "ACV regulatory fees." Compl., ¶ 23.

19. Plaintiff seeks to represent a class of California policyholders to whom Infinity allegedly made ACV total loss payments but "did not include registration fees imposed by the State of California ("ACV registration fees") within four years prior to the date on which this lawsuit was filed through the date of any certification order." Compl., ¶ 40.

20. It is unclear what, if any, difference there is between the Complaint's definition of "ACV regulatory fees" and the undefined term "ACV registration fees." Regardless, Plaintiff alleges his "typical" claim included a $15.00 title transfer fee only, and not the other fees listed above. Compl., Ex. C and ¶ 35.

21. The Complaint alleges that Infinity "did not include registration fees in making its (purported) ACV payment to Plaintiff, thereby breaching the terms of Plaintiff's policy." Compl., ¶ 36.

22. The Complaint further alleges that Infinity's failure to pay these fees "is a systematic and uniform practice" and that "Plaintiff's claims are typical of the class." Compl., ¶¶ 42-43.

23. Based on Infinity's estimate that it paid at least 35,500 first party total loss claims that allegedly fall within the purported class, the amount in controversy exceeds $5,000,000. The aforementioned allegedly unpaid fees, less the $15.00 title transfer fee (which Infinity paid to Plaintiff), total, at minimum, $130, plus $24.85, which is 0.65% (*i.e.*, 0.0065) of the alleged "adjusted vehicle value" of Plaintiff's car ($3,824 [Compl., ¶ 33]), for a total of $154.85 per purported class member. Thus, conservatively estimated, a purported class of 35,500 persons with "typical" claims like Plaintiff's would have alleged damages of $5,497,175, which is greater than $5 million.

24. The actual alleged damages are likely significantly higher. Plaintiff's "adjusted vehicle value" is much lower than the average such value of Infinity first party total loss claimants' vehicles during the class period, which is over $11,000. Thus, the average class member's alleged damages would be $201.50 ([$11,000*0.0065] + $130), for total alleged class damages of $7,153,250, which is also greater than $5 million.

25. Additionally, the potential attorneys' fees in this case are substantial. Attorneys' fees are properly included in the amount in controversy if an underlying statute or contract authorizes an award of attorneys' fees. *Lowdermilk v. U.S. Bank*

*National Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007).  Plaintiff seeks recovery of attorneys' fees, and will argue he is entitled to recover them under California Code of Civil Procedure section 1021.5, which provides that a court may award attorneys' fees when (1) the action "has resulted in the enforcement of an important right affecting the public interest"; (2) a "significant benefit" is "conferred on the general public or large class of persons"; (3) the "necessity and financial burden of private enforcement . . . are such as to make the award appropriate"; and (4) the fees "should not . . . be paid out of the recovery, if any."  Plaintiff will argue that "the business of insurance is affected with a public interest" (*Texas Commerce Bank v. Garamendi*, 28 Cal. App. 4th 1234, 1241 (1994)), he has conferred a significant benefit, *i.e.*, monetary recovery and the right to have insurance claims paid according to (what he believes is) the law, on a large class of persons (without needing to show that the class of persons benefitted "encompass[es] the general public" (*Beach Colony II v. Calif. Coastal Comm'n*, 166 Cal. App. 3d 106, 112 (1985)), the individual awards are small enough that individual enforcement is not cost-effective, and that the overall recovery is small enough that attorneys' fees should be paid separately from the recovery.

26.     Although Infinity disputes Plaintiff's entitlement to recover attorneys' fees, a fair estimate of potential attorneys' fees would be 25% of any monetary recovery.  See, e.g., *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees."); see also *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1030 (9th Cir. 1998) (affirming $5,000,000 attorneys' fee award in class action even where no class member was entitled to cash recovery).

27.     An attorneys' fee award of 25% of the alleged damages, conservatively estimated, would be $1,374,293.75, for a total amount in controversy of $6,871,468.75.

28. If calculated using the average value of Infinity's first party total loss claimants during the class period, the attorneys' fee award would be $1,788,312.50, for a total amount in controversy of $8,941,562.50.

29. Thus, regardless of whether the alleged class damages are estimated conservatively or using the average value of the purported class members' vehicles during the class period, the attorneys' fees significantly increase the amount in controversy further over $5 million.

**D. The Exceptions to CAFA Jurisdiction Do Not Apply.**

30. As a threshold matter, Plaintiff bears the burden of establishing any applicable exceptions to CAFA jurisdiction. *Serrano,* 478 F.3d at 1019 (9th Cir. 2007) (reversing district court and joining all sister circuits to have addressed this issue in holding that the party seeking to remand the case to state court bears the burden of establishing the exceptions to CAFA); *Hart v. FedEx Ground Package System, Inc.,* 457 F.3d 675, 680- 81 (7th Cir. 2006); *Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1164 (11th Cir. 2006); *Preston II,* 485 F.3d 804, 812 (5th Cir. 2007) ("parties moving to remand the class action to state court must prove that the CAFA exceptions to federal jurisdiction divest the district court of subject matter jurisdiction").

31. CAFA provides two mandatory exceptions and one discretionary exception to the application of federal jurisdiction. 28 U.S.C. § 1332(d)(3)-(4). In this case it is clear that no exception applies. Each CAFA exception requires, as a starting point, an in-state defendant. 28 U.S.C. § 1332(d)(3)-(4) (local controversy CAFA exception requires that "significant relief" be sought from an in-state defendant; home state and discretionary CAFA exceptions require that all "primary defendants" be resident defendants). Here, the sole defendant, Infinity, is a non-resident. As such, none of the CAFA exceptions can possibly apply here.[3]

---

[3] The exceptions to CAFA would also fail for other reasons, and Infinity reserves

32. Accordingly, because the CAFA prerequisites are met and none of the exceptions apply, this case is properly removable.

WHEREFORE, Infinity hereby gives notice that all further proceedings in this matter shall take place in the United State District Court for the Central District of California, unless and until held otherwise by that Court.

Dated: January 14, 2022

DENTONS US LLP

By: _____/s/ Sonia R. Martin_____
　　　　Sonia R. Martin

Attorneys for Defendant
INFINITY INSURANCE COMPANY

---

the right to raise all defenses in the event Plaintiff attempts to satisfy its burden of asserting the CAFA exceptions.